UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANNETTE MORALES,

                      Plaintiff,

          -against-

NEW YORK UNIVERSITY, TRACY
FIGUEROA, RODNEY BENSON
TARA CULYNER, SHIMA GORGANI, TED
MAGDER, DR. DOROTHY LEBEAU, DR.
LAURA BOUCAI, DANIELLE RESTO,
NATASHA SCHULL, REBECCA BROWN,
and CLAUDIA PERDOMO,

                      Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
22 CV 6452 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Annette Morales brings this action against New York University ("NYU"), multiple individual NYU employees, and other individuals alleging violations of the Americans with Disabilities Act ("ADA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* Compl. (Dkt. #1).* Plaintiff's request to proceed *in forma pauperis*, as supplemented, *see* Supp. Mot. to Proceed *In Forma Pauperis* (Dkt. #4), is granted. For the reasons set forth below, plaintiff's HIPAA claims are dismissed, as are plaintiff's ADA claims against all individual defendants. Plaintiff's ADA claims against NYU may proceed.

## BACKGROUND

The Complaint consists of hand-written answers on a form Complaint for Employment Discrimination and attached Exhibits. Plaintiff checks the box for discrimination claims brought pursuant to the ADA and checks the box for "disability or perceived disability," specifying her disability as "cancer." Compl. 7. She also asserts a "HIPAA rights violation." *Id.* at 6. The

---

* The pages of plaintiff's complaint and attached exhibits are not consecutively paginated. Accordingly, citations to the complaint and exhibits in this opinion refer to the page numbers assigned by the Electronic Case Filing system.

following factual details are gleaned from the Complaint and Exhibits and are assumed to be true for purposes of this Order.

Plaintiff began working at NYU in 2002, and her current title is Faculty Affairs Coordinator. *Id.* at 12. Plaintiff suffered from thyroid cancer and took both "disability leave" and leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, starting in November 2021. Compl. 12.

According to the complaint, on November 10, 2021 plaintiff "attended an appointment with [her] primary care physician," defendant Dr. Dorothy LeBeau, "who was referred to [her] by [her] former supervisor [defendant] Tracy Figueroa," whom defendant identifies as the Administrative Director of the NYU Tandon School. *Id.* at 2, 7, 12. Plaintiff suspects that Figueroa and LeBeau are friends. *Id.* at 12. At the November 12 appointment, plaintiff says that she "came to the realization that NYU was violating [her] HIPAA rights, falsifying [her] medical records in an effort to discredit and delaying a metastatic cancer diagnosis, resulting in congestive heart failure symptoms." *Ibid.* The complaint also asserts that Figueroa and LeBeau violated her HIPAA rights. *Id.* at 7. The complaint does not say whether this appointment occurred during or prior to her period of disability leave.

During plaintiff's medical leave, she alleges that "Lincoln Financial's communications were quite delayed," though the complaint does not specify what communications she was expecting and does not name Lincoln Financial as a defendant. *Id.* at 12. Then, "[o]n February 23, 2022," plaintiff alleges she "received an email stating if [she didn't] provide them"—presumably Lincoln Financial—"with medical documentation for an extension by end of day, then it will be determined that [she had] abandoned [her] job." *Ibid.* According to plaintiff, "[t]hroughout [her] medical leave, they"—again, seemingly referring to Lincoln Financial—"made it impossible for [her] to connect with a case manager by phone and [her] email inquiries regarding the process only caused [her] more confusion." *Ibid.* And for its part, plaintiff alleges,

NYU's human resources department "failed to provide [her] with any information relating to paid leave policies, timelines nor the status of when [her] medical benefits would laps[e]." *Ibid.* Plaintiff asserts that she was "[r]estricted to speaking with third party benefits agencies." *Id.* at 7.

Plaintiff does not say how or whether she responded to Lincoln Financial's February 23 email. But the complaint alleges that, about a week later, on March 3, 2022, a representative of NYU's Office of Equal Opportunity ("OEO") contacted plaintiff, "inviting [her] to participate in the ADA accommodation process specifically for 'job protection'" and requesting her "confidential medical documentation." *Id.* at 13. Again it is not clear from the complaint how or whether plaintiff responded to this communication.

"Several days later" plaintiff was admitted to the hospital "due to cardiac concerns." *Ibid.* While in the hospital (and also during "many other medical appointments"), plaintiff alleges she "was made to feel unsafe," though she does not indicate how or by whom. *Ibid.* Two weeks after plaintiff was released from the hospital, the complaint indicates that "NYU reached out to [her] father insisting that [she] complete the ADA accommodation process." *Ibid.* Plaintiff eventually met with the Director of the OEO, defendant Tara Culyner, who allegedly "insist[ed] that [plaintiff] tell her what [plaintiff's] medical diagnos[es] are" and "verbally attacked [her] . . . during [the] ADA accommodation process." *Id.* at 7, 13. To date, plaintiff has not been informed of the status of any ADA accommodation. Plaintiff believes NYU wanted her to participate in the ADA accommodation process "to cover up how they are hurting [her] through medical neglect" and "to cover up retaliation tactics, such as restriction of medical coverage [and] benefits." *Ibid.*

More generally, plaintiff asserts that she suffered "mental [and] physical abuse," that she was "verbally abused in [a] hostile work environment," and that she was "stripped of responsibilities [and] frozen out," though the complaint does not specify when these actions occurred. *Id.* at 7. Plaintiff states that she was harassed and retaliated against "by medical affiliates at NYU Langone and other medical institutions." *Ibid.* And she contends that "NYU and other

3

medical affiliates are restricting [her] medical and preventive care . . . in retaliation for the employment complaint [she] filed against them for discrimination and hostile workplace abuse since [her] disability was disclosed to [her] department." *Id.* at 12–13. The complaint does not indicate when plaintiff filed such a complaint.

Plaintiff filed the charge of discrimination leading to this case with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission on July 21, 2022. *Ibid.* On July 27, the United States Equal Employment Opportunity Commission issued a Right-to-Sue Notice. *Id.* at 10. Plaintiff filed the instant complaint on October 20, 2022. *Id.* at 1. In addition to NYU, Figueroa, LeBeau, and Culyner, the complaint also names as defendants several individuals—Rodney Benson, Shima Gorgani, Ted Magder, Dr. Laura Boucai, Danielle Resto, Natasha Schull, Rebecca Brown, and Claudia Perdomo—but does not include any factual allegations involving these individuals. Plaintiff seeks money damages. *Id.* at 6.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff's claims under HIPAA are dismissed, as are plaintiff's claims against various individuals under the ADA.

### A. HIPAA Claims

Plaintiff's claims that defendants NYU, Figueroa, and LeBeau violated her HIPAA rights are dismissed. "HIPAA prohibits the disclosure of medical records without a patient's consent." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (citing 42 U.S.C. §§ 1320d-1 to 1320d-7). To enforce that prohibition, "HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." *Ibid.* (citing 42 U.S.C. § 1320d-5(a)(1)). But "HIPAA confers no private cause of action, express or implied." *Ibid.* Accordingly, plaintiff's allegations of HIPAA violations fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### B. ADA Claims

Plaintiff's claims that various individuals discriminated against her on the basis of her disability in violation of the ADA are likewise dismissed.

Title I of the ADA provides a remedy for disability discrimination committed by "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Courts in this Circuit are unanimous that this language precludes liability against individual corporate employees and supervisors. *See, e.g.*, *Fox v. State Univ. of New York*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("The plaintiff's claims against the individual defendants in their individual capacity must be dismissed because there is no individual liability under Title I or Title II of the ADA."); *Sears-Barnett v. Syracuse Cmty. Health Ctr., Inc.*, 531 F. Supp. 3d 522, 535 (N.D.N.Y. 2021) ("Based on the Second Circuit's guidance thus far, district courts under its supervision have routinely held that there is no individual liability at all under the ADA."); *Arcuri v. Schoch*, No. 15-CV-0798 (DNH) (TWD), 2015 WL 5652336, at *5 (N.D.N.Y.

5

Sept. 24, 2015) ("Although the Second Circuit has yet to explicitly address [the issue], many district courts in this circuit, as well as other circuit courts, have held that individual defendants may not be held personally liable for alleged violations of Title I of the ADA.") (collecting cases); *cf. Green v. City of New York*, 465 F.3d 65, 76 (2d Cir. 2006) (holding that, under *Title II* of the ADA, defendant Giblin, "the principal actor in this case, is not a proper defendant because he is an individual, not a public entity" (citing 42 U.S.C. § 12131(1)); *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (explaining that Title II of the ADA does not "provide[] for individual capacity suits against state officials"). Because none of the individual defendants were plaintiff's "employer" within the meaning of the ADA, plaintiff's ADA claims against those defendants are dismissed.

## CONCLUSION

For the reasons set forth above, plaintiff's HIPAA claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, as are her ADA claims against individual defendants Tracy Figueroa, Rodney Benson, Tara Culyner, Shima Gorgani, Ted Magder, Dr. Dorothy Lebeau, Dr. Laura Boucai, Danielle Resto, Natasha Schull, Rebecca Brown and Claudia Perdomo. No summons shall issue against these defendants. The Clerk of Court shall terminate these defendants from the docket.

The Clerk of Court shall issue a summons against NYU and the United States Marshals Service shall serve the summons and Complaint upon NYU without prepayment of fees.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

                              */s/ Rachel Kovner*
                              RACHEL P. KOVNER
                              United States District Judge

Dated: February 6, 2023
Brooklyn, New York